**Philip James STOUT, Jr., Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

Civ. No. 83–1319.

United States District Court, D. Idaho.

Feb. 1, 1984.

Carolyn S. Steele, Idaho Legal Aid Services, Inc., Boise, Idaho, for plaintiff.

Jeffrey G. Howe, Asst. U.S. Atty., Boise, Idaho, for defendant.

## MEMORANDUM OPINION

RAY McNICHOLS, District Judge.

■ The plaintiff brought this action for review pursuant to 42 U.S.C. § 405(g) after his application for disability benefits

was denied by the Secretary of Health and Human Services. The general standard of review in cases of this kind is to uphold the Secretary's decision if it is supported by substantial evidence and if the proper legal standards were followed in reaching that decision. *Vidal v. Harris*, 637 F.2d 710 (9th Cir.1981). Since the decision of the Secretary is not supported by substantial evidence the case must be reversed and remanded.

The record shows the claimant, Philip J. Stout, Jr., suffers from the rare and little understood disease of narcolepsy.[1] The Administrative Law Judge specifically found that the claimant had documented a valid diagnosis of narcolepsy with supporting clinical and laboratory findings. In addition to the medical findings witnesses testified as to the claimant's severe personality change since the onset of his disease and his inability to deal with people. The record also discloses that the claimant was unable to perform his previous job as a department store manager. Despite this record the Administrative Law Judge determined that the evidence "does not show any impairment(s) which significantly limit the ability to perform basic work-related functions on a commercially acceptable basis".

The determination of disability under the Secretary's regulations is sequential—20 CFR 404.1520. If at any point during the sequential review a claimant is found to be disabled or not disabled no further review is necessary.

■ Following the sequence set out in the regulations, the Secretary must first determine if a claimant is working and if the work is substantial gainful activity, 20 CFR 404.1520(b). If the work the claimant is doing is substantial gainful activity then a determination of not disabled is warranted. In most instances however, as in the case at bar, the claimant is not working. The Secretary must therefore proceed to the next step in the regulated review and

---

**1.** The claimant was treated and diagnosed at the Stanford Sleep Disorders Clinic. More than 50% of the patients with narcolepsy seen at the Center are totally disabled (in medical terms) by age 40.

determine if the claimant has a severe impairment. 20 CFR 1520(c) as defined in 20 CFR 404.1521.

█ If the claimant is unable to establish a severe impairment the Secretary may properly end the inquiry regardless of the claimant's medical condition, age, education or work experience. If, however, a claimant is able to establish a severe impairment the Secretary must determine if the impairment meets or equals a listed impairment in Appendix 1. 20 CFR 404.1520(d).

█ If a claimant established a severe impairment and that impairment is listed in Appendix 1 then a determination of disability is mandated and the review may be ended. The requirements of Appendix 1 are strict, however, and few claimants are able to "meet or equal" the impairments listed. The review, therefore, proceeds and the claimant must establish that his "severe impairment" prevents him from doing his past relevant work. 20 CFR 404.-1520(e). Once a claimant establishes a severe impairment that prevents him from doing his past relevant work then "the burden of going forward with the evidence shifts to the Secretary". *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir.1982). The Secretary must show the claimant can do less demanding substantial gainful work, given his age, education and work experience. *Heckler v. Campbell*, ── U.S. ──, 103 S.Ct. 1952 at 1954, 76 L.Ed.2d 66. The Secretary meets this legally imposed burden by the direct testimony of a vocational expert or by use of the medical-vocational guidelines. If there are jobs which the claimant can perform then there is no disability. 20 CFR 1520(f).

There has recently been filed with this Court a series of appeals from the Secretary's finding of no severe impairment under 20 CFR 1520(c). This finding is made despite the fact that a claimant is able to establish his inability to perform past relevant work. 20 CFR 1520(e). The burden therefore never shifts to the Secretary as it does in cases such as *Thompson* and *Campbell, supra.*

█ Technically, under the sequential review the Secretary performs, a determination of no severe impairment ends the inquiry and the question of ability to perform past relevant work is never addressed. This decision must be supported by substantial evidence. *Delagado v. Heckler*, 722 F.2d 570 (9th Cir.1983). The Seventh Circuit, after reviewing the question, ruled that "If you do not have a severe impairment you are not disabled even if you have some slight impairment that disables you from performing any work which you have or are qualified to do. But in a practical sense an impairment that prevents an applicant from doing work he is qualified to do is a severe impairment, for by hypothesis it is totally disabling, and the statute itself— 42 U.S.C. § 423(d)(2)(A) again—defines 'severe' in just that practical way." *Wallschilaeger v. Schweiker*, 705 F.2d 191 (7th Cir. 1983).

In the present case the Court can only speculate that the Administrative Law Judge denied benefits based on 20 CFR 404.1520(c). (no severe impairment). The Administrative Law Judge's decision itself speaks of "the ability to perform basic work related activities on a commercially acceptable basis". "No severe impairment" is defined by 20 CFR 404.1521. It speaks of basic work activities but more specifically defines no severe impairment as "the abilities and aptitudes necessary to do most jobs". 20 CFR 1521(b).

█ The rule that emerges then, is that inability to do past relevant work is at least an indication of a severe impairment. Absent substantial evidence that a claimant can do "most jobs", this indication becomes a prima facia showing of severe impairment. The sequential review of the Secretary should continue past this preliminary stage to determine if there are other jobs which the claimant can perform. While there will certainly be instances where a claimant cannot do his past relevant work, yet is still not severely impaired, the record must establish that the claimant can do "most jobs" in order to meet the standard

of substantial evidence.[2] The record before this Court does not support, with substantial evidence, a determination that Philip J. Stout, Jr., is not severely impaired pursuant to 404.1520(c) as defined by 404.1521(b). The case is therefore reversed and remanded for the Secretary's sequential review to continue.

### ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF

This is a review of a final decision by the Secretary of Health and Human Services which denied plaintiff's disability insurance benefits. Jurisdiction is provided by 42 U.S.C. § 405(g) of the Social Security Act. Both parties have filed Motions for Summary Judgment. After reviewing the entire record and written argument of both parties the Court finds, as a matter of law, that the plaintiff is entitled to Summary Judgment and that the decision under review is reversed and remanded.

IT IS THEREFORE ORDERED:

That the decision appealed from is REVERSED and remanded for the Secretary's sequential review to continue.

---

**2.** For instance, a concert pianist who loses a hand will no doubt be able to establish an inability to perform past relevant work. A finding of the ability and aptitudes to do "most jobs", however, could theoretically be based on substantial evidence in such a case and a finding of no severe impairment would be warranted.